# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FRANK ENEPI SISNEROZ, | ) | 1:07-cv-00500-LJO-TAG HC |
| Petitioner, | ) ) ) | |
| v. | ) ) ) | ORDER REQUIRING PETITIONER TO FILE MOTION TO AMEND THE CAPTION TO NAME THE PROPER RESPONDENT |
| PEOPLE OF THE STATE OF CALIFORNIA, | ) ) ) ) | ORDER DIRECTING PETITION TO FILE MOTION TO AMEND CAPTION WITHIN THIRTY DAYS |
| Respondent. | ) ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On March 30, 2007, Petitioner filed the instant federal petition. Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition. Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v.

California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see also, Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  However, the chief officer in charge of state penal institutions is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360.  Where a petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or state correctional agency.  Id.

      Here, Petitioner has named as Respondent the "People of the State of California." However, the People of the State of California is not the warden or chief officer of the institution where Petitioner is confined and, thus, does not have day-to-day control over Petitioner. Petitioner is presently confined at the Coalinga State Hospital, located in Coalinga, California. Petitioner should name as Respondent the individual in charge of that facility.

      Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction. Stanley, 21 F.3d at 360;  Olson v. California Adult Auth., 423 F.2d 1326, 1326 (9th Cir. 1970); see also, Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2nd Cir. 1976). However, the Court will give Petitioner the opportunity to cure this defect by amending the petition to name a proper respondent, such as the warden of his facility.  See West v. Louisiana, 478 F.2d 1026, 1029 (5th Cir.1973), vacated in part on other grounds, 510 F.2d 363 (5th Cir.1975) (en banc) (allowing petitioner to amend petition to name proper respondent); Ashley v. State of Washington, 394 F.2d 125 (9th Cir. 1968) (same).

      In the interests of judicial economy, Petitioner *need not* file an amended petition.  Instead, Petitioner can satisfy this deficiency in his petition by filing a motion entitled "Motion to Amend the Petition to Name a Proper Respondent" wherein Petitioner may name the proper respondent in this action.

**ORDER**

      Accordingly, Petitioner is GRANTED thirty (30) days from the date of service of this order in which to amend the instant petition and name a proper respondent.  Failure to amend the

1  petition and state a proper respondent will result in a recommendation that the petition be
2  dismissed for lack of jurisdiction.

4  IT IS SO ORDERED.
5  Dated:   **January 9, 2008**                                          /s/ **Theresa A. Goldner**
                                                                UNITED STATES MAGISTRATE JUDGE